PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SUE BENISH, *individually and as the spouse/fiduciary for the estate of David Benish, deceased*, ) ) ) ) | CASE NO. 4:13cv194 |
| Plaintiff, ) ) | JUDGE BENITA Y. PEARSON |
| v. ) ) | |
| METLIFE FINANCIAL SERVICES, INC., *et al*., ) ) ) | |
| Defendants. ) | **MEMORANDUM OF OPINION AND ORDER** [Regarding ECF Nos. 9; 10] |

This matter is before the Court upon the Motions to Dismiss filed by Defendants MetLife Financial Services, Inc. ("MetLife") and CSX Corporation ("CSX") (collectively, "Defendants"). ECF Nos. 9; 10.

I.

Plaintiff, spouse of the deceased, filed a Complaint in State court seeking to recover death benefits under an employee benefit plan. ECF No. 1-1. Defendants jointly removed the case to the instant Court on the basis of Federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. ECF No. 1 at 2.

After removal, Plaintiff's attorney moved the Court to withdraw as counsel for Plaintiff because he does not practice in Federal court. ECF No. 14. The Court granted the motion, and instructed 1) Plaintiff to file an opposition within 30 days of the date of the Order and 2) replacement counsel to file a notice of appearance within 30 days of the date of the Order. ECF

(4:13cv194)

No. 16. The 30 days expired on April 26, 2013, and neither Plaintiff nor counsel representing Plaintiff has responded.

II

Defendants, in their motions to dismiss, assert that Plaintiff's State law claims are preempted by ERISA and that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. ECF Nos. 9 at 4-5; 10-1 at 2, 5. In support of its motion, MetLife submits an affidavit by its Senior Claims Examiner Marie O'Dell, wherein O'Dell asserts that Plaintiff did not exhaust her administrative remedies. ECF No. 9-1 at 1-4.

Because the failure to exhaust administrative remedies does not fall under one of the seven defenses enumerated in Rule 12, and because Defendants rely upon evidence outside the Complaint, Defendants' motions are more properly considered as motions for summary judgment. *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (documents attached to a defendants's motion to dismiss are considered party of the pleadings if the plaintiff referred to it in her complaint and they are central to her claim); *Borman v. Great Atlantic & Pacific Tea Co., Inc.*, 64 Fed.App'x. 524, 528 (6th Cir. 2003) (court properly dismissed ERISA complaint for failure to exhaust administrative remedies when it relied upon an affidavit only to the extent the affidavit's exhibits disclosed the terms of the ERISA plan, because the plan was central to the plaintiff's complaint). MetLife's affidavit goes beyond disclosing the terms of the ERISA plan, and, to the extent Defendants rely upon it in their briefs, the Court is obligated to treat the motions for summary judgment and dispose of it as provided in Rule 56. *See* Fed. R. Civ. Pro. 12(d). Furthermore, Rule 12(d) requires that "parties be given a reasonable opportunity

(4:13cv194)

to present all the material that is pertinent to the motion."

III.

Accordingly, the parties are hereby on notice that Defendants' motions to dismiss are being converted to motions for summary judgment pursuant to Fed R. Civ. Pro 56. Accordingly, the parties have 10 days from the date of this Order to submit any evidence in support of their pleading, should they desire to do so.

IT IS SO ORDERED.


 May 1, 2013                    */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                                   United States District Judge